Jones, J.,
dissenting. In my judgment there is a potent and unanswerable reason why this case should be affirmed! Passing the question whether or not the cars of the railway company should be equipped with statutory brakes where none were “manufactured capable of applying to all brake shoes a maximum permissible braking pressure,” etc., as disclosed by the testimony, and conceding, as did the court of appeals, that this question is not free from doubt, an affirmance should follow for the reason that the court of appeals found upon the undisputed evidence that the emergency or reverse brake with which the car was equipped, and which was used by the motorman, “was an equally if not more effectual appliance for an emergency stop than the system of brakes provided for by statute.” Assuming that the failure of the defendant to equip its cars with the statutory brake was negligence per se, the court of appeals said that the undisputed testimony on that subject “failed to establish the material fact that the failure to equip the car with the statutory system of brakes was. the proximate cause of the injury.” In view of that fact, which is not otherwise found by this court, and which was a vital one in the determination of this case, I am unable to join in the reversal.